UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PHILLIP JOHN ROBERSON, JR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-2488** |
| **SHERIFF JERRY LARPENTER,**<br>**MAJOR STEPHEN BERGERON** | **SECTION "D"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.       Factual and Procedural Background

Plaintiff Phillip John Roberson, Jr. ("Roberson") was a pretrial detainee housed in the Terrebonne Parish Criminal Justice Center ("TPCJC") when he filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against Terrebonne Parish Sheriff Jerry Larpenter and Major Stephen Bergeron. ECF No. 1. Roberson alleges that, since June 15, 2020, to the filing of the complaint, he was at risk of exposure to COVID-19 from other inmates who previously tested positive for the virus. He complains that he was unable to maintain distance and avoid exposure, because the inmates were in the same sleeping and eating areas and used the same bathroom facilities. The inmates also were not provided soap or hand-sanitizer to prevent the spread of the virus. He claims that the defendants were aware of the outbreak and risks within the prison and did not provide adequate protection. As relief, Roberson seeks monetary compensation for the defendants negligence and to be released to get away from the dangers of the virus.

II.     **Standards of Review**

    A.     **Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure specifically provides that a court may, in its discretion, dismiss a plaintiff's claim for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court. A Rule 41(b) dismissal is considered an adjudication on the merits. Fed. R. Civ. P. 41(b). In determining whether to dismiss a claim, courts have traditionally considered the extent to which the plaintiff, rather than his counsel, has been responsible for any delay or failure to comply with a rule or order. *See, e.g., Markwell v. County of Bexar*, 878 F.2d 899, 902 (5th Cir. 1989); *Price v. McGlathery*, 792 F.2d 472, 474-75 (5th Cir. 1986); *Silas v. Sears, Roebuck & Co.*, 586 F.2d 382, 385 (5th Cir. 1978); *Ramsay v. Bailey*, 531 F.2d 706, 708-09 (5th Cir. 1976).

A plaintiff proceeding without counsel responsible for the prosecution of his case. A pro se litigant is not exempt from compliance with court orders and relevant rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981); *Beard v. Experian Information Solutions Inc.*, 214 F. App'x 459, 462 (5th Cir. 2007). A pro se litigant who fails to comply with the court's orders and procedural rules has the burden of establishing excusable neglect, which is a strict standard requiring proof of "more than mere ignorance." *See Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir.1988) (quotation omitted); *Birl*, 660 F.2d at 593.

In addition, all litigants are obligated to keep the Court advised of any address change, including telephone numbers. Local Rules 11.1 and 41.3.1. The complaint form signed by plaintiff to institute this action contains the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice." ECF No. 1, at 7 (Plaintiff's

Declaration, §VI, ¶ 2). "[T]he failure of a pro se litigant to notify the district court of an address change may be considered by the district court as an additional cause for dismissal for failure to prosecute." *Lewis v. Hardy*, 248 F. App'x 589, 2007 WL 2809969, at *4 n.1 (5th Cir. 2007).

**B.     Frivolousness**

Pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A and 42 U.S.C. § 1997e(c), the Court is required to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous when it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A [claim] lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke*, 490 U.S. at 327-28). Thus, the Court must determine whether plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III.     Analysis

####   A.     Roberson's Failure to Prosecute

While Roberson was housed in the TPCJC, the Court scheduled a hearing pursuant to *Spears v. McCotter*[1] by telephone for January 21, 2021. ECF No. 15. When the call was placed that day, the Court was advised that Roberson had been released from custody. ECF No. 19. Several days later, on January 25, 2021, the Clerk of Court received Roberson's change of address which indicated that he had been transferred to the Ascension Parish Jail in Donaldsonville, Louisiana. ECF No. 18. Soon thereafter, Roberson advised the Court that he had been released from prison, and he provided his home address. ECF No. 21.

The Court rescheduled the *Spears* Hearing for February 25, 2021. ECF No. 25. As he was ordered to do, Roberson provided the Court with a telephone number where he could be reached for the hearing. *Id*. When the Court called Roberson for the telephone hearing on February 25, 2021, he initially answered; however, he did not remain on the call. He also did not answer the phone again when the Court's staff made continued efforts to reach him. Roberson was deemed by the Court to have made himself unavailable for the hearing.[2] *See* ECF No. 26. The Court has received no further communication from Roberson about his case.

Based on Roberson's voluntary failure to participate in the scheduled *Spears* Hearing, dismissal with prejudice of his complaint is proper under Fed. R. Civ. P. 41(b) for his failure to prosecute.

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what the prisoner alleges occurred and the legal basis for the claims. The information received is considered an amendment to the complaint or a more definite statement under Fed. R. Civ. P. 12(e). *Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] Counsel for defendants was present for the conference by telephone. ECF No. 26. Counsel remained on the line for approximately 20 minutes while the Court attempted repeatedly to reach Roberson. The call was electronically recorded until counsel was released by the Court.

**B.**     **Roberson's Claims are Frivolous**

In the alternative and should Roberson express an interest in continuing his lawsuit, the claims against Sheriff Larpenter and Major Bergeron can be dismissed as frivolous.  Roberson, who was a pretrial detainee when this suit was filed, claims that these supervisory defendants were negligent in their approach to protecting inmates from the spread of COVID-19 within TPCJC.  He claims that it was not possible to socially distance within the dormitories from inmates who had previously tested positive and who shared the same facilities.  He also adds that the inmates were not provided with soap or hand-sanitizer to "keep the virus at bay."  ECF No. 1, at 5.

The Eighth Amendment's prohibition on "cruel and unusual punishments" applies to both convicted inmates and pretrial detainees through the Fourteenth Amendment's Due Process Clause.  *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976) (citations omitted); *Farmer v. Brennan*, 511 U.S. 825, 832, 837 (1994).  Pretrial detainees, like the plaintiff in this case, may bring these constitutional challenges as an attack on a "condition of confinement" or as an "episodic act or omission."  *Shepherd v. Dallas Cnty.*, 591 F.3d 445, 452 (5th Cir. 2009); *see also Reed v. Wichita Cnty. (Estate of Henson)*, 795 F.3d 456, 464 (5th Cir. 2015) ("[T]here is no rule barring a plaintiff from pleading both alternative theories[.]").  An inmates "challenge to a condition of confinement is a challenge to 'general conditions, practices, rules, or restrictions of pretrial confinement'" like those complained of in this case.  *Reed*, 795 F.3d at 463 (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 644 (5th Cir. 1996)).

Roberson alleges that Sheriff Larpenter and Major Bergeron were negligent in their response to the potential spread of COVID-19 within TPCJC.  However, the law is well-settled that *negligence* is insufficient to state a claim under § 1983.  "Actions and decisions by officials

that are merely inept, erroneous, ineffective, or negligent do not amount to deliberate indifference . . . ." *Alton v. Texas A&M University*, 168 F.3d 196, 201 (5th Cir. 1999).

Instead, supervisory prison officials like the defendants may be liable for the conditions of the jail if the supervisor "implement[s] a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987). A plaintiff can prove supervisory liability, without regard for intent, by showing that each named supervisory official implemented an unconstitutional policy that directly resulted in injury to the plaintiff. *Id*. at 303-04; *Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).

However, Roberson has not identified any particular policy of the defendants that would rise to the level of an unconstitutional COVID-19 response or condition within the TPCJC. During the COVID-19 pandemic, courts have remained mindful that "[a] detention facility's protocols for isolating individuals, controlling the movement of its staff and detainees, and providing medical care are part and parcel of the conditions in which the facility maintains custody over detainees." *Sacal-Micha v. Longoria*, 449 F. Supp. 3d 656, 663 (S.D. Tex. 2020). During the pandemic, the United States Fifth Circuit has held that "the incidence of diseases or infections, standing alone, [cannot] imply unconstitutional confinement conditions, since any densely populated residence may be subject to outbreaks." *Shepherd*, 591 F.3d at 454. The Court also has reiterated that "federal judges are not policymakers" and are instead charged with protecting the Constitution, "not with running state prisons." *Valentine v. Collier*, 978 F.3d 154, 165 (5th Cir. 2020) (citation omitted).

Thus, the Fifth Circuit has determined that Constitution does not require prison officials to adopt the same COVID-19 guidelines recommended for the general public or that prison officials

6

implement those practices to satisfy their duty to provide for inmate safety and care within prisons. *Id*. at 164. The "Eighth Amendment does not enact the CDC guidelines," and a prison's failure to comply those guidelines "does not clearly evince a wanton disregard for any serious medical needs." *Id*.

Roberson has not alleged any specific failure of the defendants or the TPCJC policies or conditions that have violated the Constitution in this way. He instead claims that the denseness of the prison setting made him fearful of contracting COVID-19 (or Corona virus). While he may have had a genuine fear arising from close confinement that could have potentially increased his exposure to COVID-19, Roberson's fear is not sufficient to state a claim for relief under § 1983. *See Hamby v. Warden, Estelle Unit*, No. 20-3428, 2020 WL 7081606, at *2 (S.D. Tex. Dec. 3, 2020) (citing *United States v. Koons*, 455 F. Supp. 3d 285, 292 (W.D. La. 2020) ("General concerns about the spread of COVID-19 or the mere fear of contracting an illness in prison are insufficient grounds to establish the extraordinary and compelling reasons necessary to reduce a sentence."), and *Van Dyke v. La. Dep't of Corr.*, No. 20-0448, 2020 WL 1869016, at *2 (W.D. La. Apr. 13, 2020) (holding that generalized fears of COVID-19 do not establish a right to release, transfer, or any other form of redress)); *Boyce v. Harris County Jail*, No. 20-2971, 2020 WL 7024665, at *2 (S.D. Tex. Nov. 30, 2020) (same); *Sheppard v. Etiefer*, No. 20-343, 2020 WL 4495298 at *3 (E.D. Tex. Jul. 1, 2020) (same), *adopted by* 2020 WL 4464582, at *1 (E.D. Tex. Aug. 4, 2020).

Furthermore, a plaintiff cannot recover compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." 42 U.S.C. § 1997e(e). Roberson has not alleged that he actually caught the virus or that he suffered related symptoms or any physical

manifestation related to the virus or prison conditions. Without some physical injury, § 1997e(e) precludes recovery of damages for mental and emotional injury. *Hamby*, 2020 WL 7081606, at *2 (citing *Alexander v. Tippah County, Miss.*, 351 F.3d 626, 630-31 (5th Cir. 2003) (inmates could not recover damages from temporary exposure to "deplorable conditions" because nausea from the smell of raw sewage was not physical injury)).

For the foregoing reasons, Roberson has failed to assert a constitutional violation arising from the conditions of his confinement at TPCJC or the actions, inactions, or policies of the defendants in response to COVID-19 within the jail. Roberson's claims are legally frivolous and otherwise fail to state a claim for which relief can be granted under § 1983. The claims should be dismissed pursuant to 28 U.S.C. § 1915, § 1915A and 42 U.S.C. § 1997e.

### IV.     Recommendation

It is therefore **RECOMMENDED** that Roberson's § 1983 claims against defendants, Sheriff Larpenter and Major Bergeron, be dismissed with prejudice pursuant to Fed. R. Civ. Proc. 41(b) for his failure to prosecute and otherwise as frivolous and/or for failure to state a claim for which relief can be granted under 28 U.S.C. § 1915e(2), § 1915A, and 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will

result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this \_\_\_8th\_\_\_ day of June, 2021.

_____
KAREN WELLS ROBY
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[3]*Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.